(59 Misc. Rep. 533.)

PEOPLE ex rel. BARTRIM v. MOORE, County Treasurer, et al.

(Supreme Court, Special Term, Onondaga County. June, 1908.)

INTOXICATING LIQUORS—LICENSES—EXPIRATION.

Where, at a regular town meeting in November, 1907, the town voted that no liquor should be sold in it, the right to sell liquor under licenses previously granted expired on the 30th of April following, and a subsequent change by Laws 1908, p. 406, c. 144, so that the excise year began on the 1st of October, and the provisions in the law for the extension of licenses to that date, did not apply to licenses in such town.

Application by the people, on the relation of George Bartrim, for a writ of certiorari against Frederick M. Moore, as county treasurer of Oswego county, and Maynard N. Clement, as state commissioner of excise, to review and correct the action of the county treasurer in refusing to issue a liquor tax certificate to authorize the relator to traffic in liquors at Fruit Valley, in the town of Oswego, in the county of Oswego, under subdivision 1 of section 11 of the liquor tax law (Laws 1896, p. 51, c. 112). The application for the certificate was made May 16, 1908, accompanied by a sufficient bond, and $62.50 was deposited with the county treasurer as full payment of the sum required to permit the applicant so to traffic in liquors from May 16 to October 1, 1908. The application was refused on the ground that, at the regular town meeting or election held November 5, 1907, the electors of the town of Oswego had duly voted, pursuant to section 16 of the liquor tax law, that no liquor should be sold in that town. Writ dismissed.

F. T. Cahill, for relator.
Arthur H. Smith, for respondents.

DE ANGELIS, J. As the liquor tax law stood when the electors of the town voted not to permit traffic in liquors, the prohibition became operative May 1, 1908, at the beginning of the old excise year.

Chapter 144, p. 406, of the Laws of 1908, which became a law April 21, 1908, amended the liquor tax law (Laws 1896, p. 45, c. 112) so as to make the excise year begin October 1st, instead of May 1st, as theretofore. The right to traffic in liquors in the town of Oswego ended April 30, 1908, unless the amendment to the law referred to above changed the status of the town upon the subject. Section 16 of the law as amended begins as follows:

"In order to ascertain the will of the qualified electors of each town, the following questions shall be submitted at each biennial town meeting hereafter held in any town in this state," etc.

Observe the future tense, and especially the word "hereafter," and it will be seen that the law contemplates future town meetings. The postponement of the effect of the vote in question is claimed under this language in said section 16:

"The status existing at the time such vote is taken upon questions submitted shall not be changed until the 1st day of October following next thereafter, prior to which time such vote shall neither authorize the issuance of liquor tax certificates in accordance therewith or preclude the issuance of such certificates in accordance with the result of the preceding vote on such questions submitted, nor shorten the term for which any liquor tax certificate may have been lawfully issued, nor affect the rights of any person thereunder."

It seems to me that the claim cannot be sustained. The language is, "The status existing at the time such vote is taken," etc. What vote? Turning back to the beginning of the section, we find the answer to be, the vote taken at the "biennial town meeting hereafter held." It seems to be clear that the only purpose of the change in the law was to make the excise year begin October 1st, instead of May 1st. As existing licenses would have expired under the old law on the 30th day of April, provision was needed to permit licenses in the year 1908 from May 1st to October 1st, and such provision was made; but the policy of the law did not require the annulment of the determination of the electors of a town forbidding traffic in liquors in that town after April 30, 1908. The lawmakers, doubtless, had the power, notwithstanding this determination of the electors of the town, to permit the traffic until October 1st; but the power was not exercised. The new act addressed itself to the future, and in no manner attempts to interfere with any action that had been taken under the old law.

There certainly can be no presumption that this amendment is retroactive. On the contrary, the presumption is just the reverse.

I have been shown the opinion in People v. Bashford, as County Treasurer of Wayne County, 112 N. Y. Supp. 502, where a different conclusion was reached. I am sorry not to be able to agree with the learned judge who decided that case. It seems to me that he misapprehended the effect of the new legislation.

The application is denied, and the writ is dismissed upon the merits.

Application denied, and writ dismissed.